[No. 5100.]
[No. 2677 C. A.]

GARBANATI V. PATTERSON.

1. **Taxes and Taxation—Redemption of Undivided Interest—Statutory Construction.**

Section 3908a, Mills' (Rev.) Stats. (Sess. Laws 1893, p. 425, § 1), provides that any person having or claiming an interest in or lien on any undivided estate may specify such interest in his assessment list, and such interest shall be assessed, advertised for sale, sold for taxes, and redeemed in like manner and effect as estates of entireties; and § 3908b (§ 2 of same act) provides that any person who has or claims an interest in or lien on any undivided estate sold for taxes may redeem such undivided interest by paying into the treasury his proportionate part of the amount required to redeem the whole. Held, that the latter section authorizes a redemption of an undivided interest in land where the same has been listed, sold, etc., in its entirety, and has no application where an undivided interest is listed in accordance with the provisions of the first section.—P. 232.

2. **Appellate Practice—Abstract of Record—Ruling of Trial Court—Presumption of Correctness.**

When the abstract of record does not disclose that an answer was unverified, in the absence of an affirmative showing to the contrary, the appellate court is justified in assuming that the ruling of the trial court was right both upon the facts and the law, and that, as a matter of fact, the answer was verified.— P. 234.

*Error to the District Court of La Plata County.*
*Hon. James L. Russell, Judge.*

Action by Henry Garbanati, Jr., against W. J. Patterson, as county treasurer, to compel defendant to execute to petitioner a treasurer's tax deed for a certain mining claim. From an order denying such relief, plaintiff brings error.        *Affirmed.*

Mr. H. GARBANATI, for plaintiff in error.

Mr. C. T. MORGAN, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The Luella lode mining claim was assessed for taxation in its entirety and so sold for delinquent taxes. The plaintiff, by assignment, became the owner of the treasurer's certificate of purchase. Before the time for redemption expired, an owner of an undivided 7-12 interest in the lode applied to the county treasurer to redeem that interest, and upon the payment of 7-12 of the amount required to redeem the entire lode, the treasurer issued to the applicant a certificate of redemption for such fractional interest. After the period for redemption expired, the plaintiff, as the holder of the certificate of purchase, applied to the treasurer for a tax deed of the entire mine. The treasurer refused to comply with the demand, but tendered to the plaintiff the amount of the redemption money on the 7-12 interest theretofore received from the redeeming joint owner and

a tax deed for an undivided 5-12 interest.   The plaintiff, declining to accept the offer, brought this action in mandamus to compel the treasurer to issue him a treasurer's tax deed for the entire interest in the mining claim, in accordance with what he says his rights are under his certificate of purchase.

The statute governing a case of this kind is found in Session Laws of 1893, p. 425 (3 Mills' (Rev.) Stats., §§ 3908a, 3908b).   It reads:

"Section 1.   Any person who has or claims to have an interest in or lien upon any undivided estate in any piece, parcel, lot or tract of land may specify such estate or interest in his list to be delivered to the county assessor, for assessment for taxes, in like manner and with like effect as estates of entireties are specified in said list; and all such undivided estates or interests so specified shall be assessed, advertised for sale and sold for taxes, and redeemed from such sales, in like manner and with like effect as estates of entireties are now assessed, advertised, sold and redeemed from sales, for taxes in the manner provided by law.

"Sec. 2.   Any person who has or claims an interest in or a lien upon any undivided estate or interest in any piece of land sold for taxes may redeem such undivided estate or interest, by paying into the treasury his proportionate part of the amount required to redeem the whole.   In such case the county treasurer shall issue to such party a certificate of redemption for his interest in said land as provided by law."

The plaintiff contends that this statute means that unless an undivided interest in land has been separately listed, assessed, advertised for sale and sold, such interest cannot be redeemed by the owner without redeeming the whole; while the defendant maintains that where land has been assessed, and

for the delinquent tax sold, in its entirety, the owner of an undivided interest therein may, nevertheless, redeem such interest, less than the whole, upon payment of the proportionate amount required to redeem the whole interest in the property.

We are clearly of opinion that the defendant's interpretation of the statute is right. It is the law that where a statute makes no provision for the redemption of an undivided interest in land, the party owning the same can redeem it only by paying the whole of the redemption money.—2 Desty on Taxation 887. Section 1 of our act provides for the separate listing, assessment, advertising, sale and redemption of an undivided interest in land, and makes applicable thereto the same procedure which applies to an entire estate or interest therein. This section, however, did not give all the relief to which, in the judgment of the general assembly, a taxpayer is entitled, and so section 2 relates to an entirely different case. It says that any person who has, or claims, an interest in an undivided estate, or interest in any piece of land, which has been sold for taxes, may redeem such undivided interest by paying to the treasurer his proportionate share of the amount required to redeem the whole.

Section 2 has no application where an undivided interest has been separately listed, assessed and sold, for to effectuate a redemption thereof, the owner of such undivided interest is obliged to pay the entire redemption money upon that interest. The language, "by paying into the treasury his proportionate part of the amount required to redeem the whole," would have no meaning unless the section provides, as we hold that it does, for a redemption by an owner of an undivided interest in land which has been assessed and sold as a whole for the tax due upon the whole estate; for, except in a case of

that sort, the expression, ''proportionate part of the amount,'' would have no meaning at all. Section 2 does not say, or imply, that a redemption of an undivided interest in land can be made only when the same has been separately listed. Ample provision for that kind of case is found in section 1, while section 2 authorizes a redemption of an undivided interest in land where the same has been listed, sold, etc., in entirety.

A second objection argued is that the court, upon plaintiff's motion, should have stricken the unverified answer from the files. The abstract of the record does not disclose that the answer was not verified, and in the absence of an affirmative showing to the contrary, we are justified in assuming that the ruling of the court was right, both upon the facts and the law, and that, as matter of fact, the answer was verified.

The judgment of the district court, being in accordance with the views expressed in the opinion, must be affirmed.                               *Affirmed.*

Chief Justice Gabbert and Mr. Justice Steele concur.